UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 98-137(3)(DSD/AJB)

United States of America,

       Plaintiff,

v.                                  **ORDER**

Juan Villanueva Monroy,

       Defendant.

This matter is before the court upon the pro se motion for a more definite statement by defendant Juan Villanueva Monroy.

In 1999, a jury convicted defendant of conspiracy to distribute methamphetamine under 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)A). The court sentenced defendant to life in prison. Defendant appealed, arguing that the court committed errors in its Daubert analysis; in failing to suppress wiretapped conversations; in enhancing his sentence for possessing a firearm, having a leadership role and for possessing more than 55 kilograms of methamphetamine; and for failing to depart based on extraordinary family circumstances. United States v. Bahena, 223 F.3d 797, 807-11 (8th Cir. 2000). The Eighth Circuit affirmed. Id.

Thereafter, defendant timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. ECF No. 673. The court denied the motion, ECF No. 695, and the Eighth Circuit dismissed the appeal, ECF No. 722. Next, defendant filed a pro se motion to vacate under Federal Rule of Civil Procedure 60(b)(4)(6).

See ECF No. 844. The court denied the motion, ECF No. 865. Defendant then filed a pro se application for a writ of audita querela. ECF No. 869. The court denied the motion, ECF No. 870, and the Eighth Circuit dismissed the appeal, ECF No. 875. Defendant again moved pro se to vacate under Rule 60. ECF No. 876. The court denied the motion, ECF No. 877, and the Eighth Circuit dismissed the appeal. ECF No. 880. Defendant now moves the court for "a more definite statement" of numerous aspects of his trial.

Defendant cites no authority upon which to base his request, and the court is not aware of any authority entitling defendant to such statement. Moreover, the present motion is substantively a § 2255 motion. In his lengthy request, defendant repeatedly refers to his conviction being unconstitutional for materially the same reasons as in his direct appeal. An unconstitutional sentence is the core of a § 2255 motion. Section 2255 requires permission from the Court of Appeals to file a second or successive motion. Like his previous filings, defendant attempts to avoid this requirement by giving the motion a different name. Whether captioned as Rule 60 motion, an application for a writ of audita querela or a motion for a more definite statement, each is effectively a § 2255 motion. Accord United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005).

Defendant has not received permission from the Eighth Circuit to file a second or successive motion, and there is no basis for a

more definite statement from the court. Therefore, summary dismissal is warranted. See <u>United States v. Matlock</u>, 107 F. App'x 697, 698 (8th Cir. 2004) (per curiam). Accordingly, **IT IS HEREBY ORDERED** that:

    1.   The motion for a more definite statement [ECF No. 900] is denied; and

    2.   To the extent that the court characterizes the present motion as a motion for relief under § 2255, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

Dated:  February 1, 2012

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court