UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 98-137(3)(DSD)

United States of America,

    Plaintiff,

v.                                                                     **ORDER**

Juan Villanueva Monroy,

    Defendant.

    Andrew S. Dunne, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Juan Villanueva Monroy, #08391-041, FCI-Oxford, P.O. Box 1000, Oxford, WI 53952, defendant pro se.

This matter is before the court upon the pro se motion by defendant Juan Villanueva Monroy pursuant to 28 U.S.C. § 1651. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

The background of this case is fully set forth in the court's previous orders denying Monroy's various post-conviction motions. The court recites only those facts necessary to resolve the instant motion.

In 1999, a jury convicted Monroy of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)A). The court sentenced Monroy to life in prison. He

appealed and the Eighth Circuit affirmed. He then timely filed a motion under 28 U.S.C. § 2255, which the court denied. ECF No. 695. The court and the Eighth Circuit both denied a certificate of appealability. ECF Nos. 704, 722. The Eighth Circuit also denied Monroy's petition for permission to bring a second or successive § 2255 motion. Monroy has filed additional various motions attacking the constitutionality of his conviction and sentence, all of which have been denied by this court and dismissed by the Eighth Circuit. See ECF Nos. 844, 865, 869-70, 875-80, 900, 902.

## DISCUSSION

Monroy now asks the court "to Vacate, Set Aside, or Correct his sentence pursuant to Title 28 U.S.C. § 1651" and grant him "Coram Nobis relief."[1] ECF No. 926, at 10, 13. Section 1651, also known as the All Writs Act, states that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Where a statute "specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). Section 2255 provides relief to prisoners who claim that their

---

[1] Monroy is currently in federal custody and is thus precluded from coram nobis relief. United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000).

2

sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under such a motion, a defendant may "move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. However, a federal prisoner who has previously filed a § 2255 motion must receive pre-authorization from the Court of Appeals before he can seek relief under § 2255 again. 28 U.S.C. § 2255(h); Boykin v. United States, 242 F.3d 373 (8th Cir. 2000).

The present motion is substantively a § 2255 motion. Monroy argues that the court should vacate his sentence because it was unconstitutionally imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and because his counsel was ineffective for failing to raise that issue. An unconstitutional sentence is the core of a § 2255 motion, and Monroy has already challenged the constitutionality of his sentence on numerous occasions, including a previous § 2255 motion. Monroy's attempt to avoid § 2255(h)'s pre-authorization requirement by giving the instant motion a different name is unavailing. United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005).

Accordingly, § 2255(h)'s pre-authorization requirement bars the court from considering Monroy's motion. See Malone v. United States, No. 3:94-106(1), 2014 WL 6684998, at *2 (D. Minn. Nov. 25, 2014) (finding that a § 1651 motion, which was substantively a § 2255 motion, was procedurally barred due to petitioner's failure

to receive pre-authorization from the Eighth Circuit). Because the All Writs Act is not the proper form of relief and Monroy has not received a pre-authorization order from the Eighth Circuit to file a second § 2255 motion, his motion is procedurally barred.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Monroy's motion pursuant to 28 U.S.C. § 1651 [ECF No. 926] is denied.

Dated:  May 6, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court
