```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                    Criminal No. 98-137(3)(DSD)
```

United States of America,

       Plaintiff,

v.                                          **ORDER**

Juan Villanueva Monroy,

       Defendant.

      Juan Villanueva Monroy, #08397-041 FCI-Mendota, P.O. Box 9, Mendota, CA 93640, defendant pro se.

This matter is before the court upon the pro se motion by defendant Juan Villanueva Monroy to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]

**BACKGROUND**

On March 4, 1999, a jury found Monroy guilty of one count of conspiracy to distribute in excess of one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On June 14, 1999, the court adopted the factual findings and guidelines set forth in the presentence investigation report (PSR). See ECF No. 589. Monroy was held responsible for 55

---

[1] Monroy labeled his motion as a "supplemental," but the court has no record of Monroy filing a previous § 3582(c) motion. It appears that he may not have properly filed the initial motion that this motion was meant to supplement. Regardless, Monroy had an adequate opportunity to reply to the government's response, and he was able to raise the legal issues that he thought to be the most important. Accordingly, the court will resolve the matter on the current record.

kilograms of methamphetamine, which resulted in a base offense level of 38. PSR ¶ 74. He received a four-level enhancement for being a leader of the criminal activity, and a two-level enhancement because a dangerous weapon was possessed. PSR ¶¶ 75, 77. Based a total offense level of 44 and a criminal history category of I, the court determined that the applicable guidelines range was life imprisonment. See ECF No. 589. The court sentenced Monroy to life imprisonment and a five-year term of supervised release. Id.

**DISCUSSION**

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. App. C, Amend. 782. However, the court cannot reduce a sentence if the defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 826 (2010).

Even after the promulgation of Amendment 782, Monroy still has a base offense level of 38 because his crime involved 45 kilograms or more of methamphetamine. See U.S.S.G. § 2D1.1(c)(1). Thus,

2

Amendment 782 does not lower Monroy's base offense level or sentencing range, and the court lacks the legal authority to reduce his sentence.  See 18 U.S.C. § 3582(c)(2) (stating that a court may reduce a defendant's sentence if it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); see also United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (affirming the district court's denial of § 3582(c)(2) relief because the offense level based on the amount of drugs involved did not change after the amendment); United States v. Woodson, No. 08-2022, 280 F. App'x 568 (8th Cir. 2008) (unpublished) (same).[2]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Monroy's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [ECF No. 935] is denied.

Dated: October 17, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court

---

[2] Monroy argues that his sentence results in an unwarranted sentencing disparity because his co-defendant, Alfredo Prieto, received a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).  As the government correctly points out, however, Prieto was only held responsible for 35 kilograms of methamphetamine.  See Prieto PSR ¶ 77.  Therefore, Amendment 782 reduced Prieto's base offense level from 38 to 36, resulting in a lower guidelines sentence.  See U.S.S.G. § 2D1.1(c)(2).