UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 98-137(3)(DSD/AJB)

United States of America,

        Plaintiff,

v.                                                    **ORDER**

Juan Villanueva Monroy,

        Defendant.

This matter is before the court upon pro se defendant Juan Villanueva Monroy's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On March 4, 1999, a jury found Monroy guilty of one count of conspiracy to distribute in excess of one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The court sentenced Monroy to life imprisonment and a five-year term of supervised release. On December 2, 2002, the court denied Monroy's first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 673. Monroy now moves for relief from final judgment pursuant to Rule 60(b).

**DISCUSSION**

**I. Rule 60(b)**

Monroy challenges his sentence arguing that the indictment was void because it did not contain an essential element of the offense. Because Monroy seeks to collaterally challenge his sentence, the court must construe this motion as a petition under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion ... under § 2255 ...."); see also United States v. Lambros, 404 F.3d 1034, 1037 (8th Cir. 2005) (affirming district court's construal of a Rule 60(b) motion as a § 2255 petition). In bringing this motion under Rule 60(b), Monroy attempts to avoid the requirement that he obtain authorization from the court of appeals for a successive § 2255 petition. Felker v. Turnpin, 518 U.S. 651, 657 (1996). A defendant, however, cannot "bypass the authorization requirement ... for filing a second or successive ... § 2255 action by purporting to invoke some other procedure." Lambros, 404 F.3d at 1036.

Monroy has not received permission from the Eighth Circuit to file this successive § 2255 motion; therefore, the court is without jurisdiction to consider it. See Boykin v. United States, 242 F.3d 373, at *1 (8th Cir. Oct. 30, 2000).

**II. Certificate of Appealability**

Because the court construes Monroy's motion as a second or successive § 2255 motion, it must consider whether to issue a certificate of appealability. To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The court is firmly convinced that it lacks jurisdiction to consider Monroy's motion and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for relief under Rule 60(b) [ECF No. 940] is denied; and

2. Pursuant to 28 U.S.C. § 2253, a certificate of appealability is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 7, 2018

s/David S. Doty  
David S. Doty, Judge  
United States District Court