```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 98-137(3)(DSD/AJB)
```

United States of America,

        Plaintiff,

v.                                                      **ORDER**

Juan Villanueva Monroy,

        Defendant.

This matter is before the court upon pro se defendant Juan Villanueva Monroy's motion for resentencing under the First Step Act of 2018. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On March 4, 1999, a jury found Monroy guilty of one count of conspiracy to distribute in excess of one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The court sentenced Monroy to life imprisonment and a five-year term of supervised release. On December 2, 2002, the court denied Monroy's first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 673. Monroy then filed a motion for relief from final judgment pursuant to Rule 60(b), which the court denied. ECF No. 941.

**DISCUSSION**

Monroy now argues that he is entitled to resentencing under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The court disagrees.

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine in sentencing by increasing the threshold amounts required to trigger mandatory minimum sentences for crack cocaine offenses. The Fair Sentencing Act became effective on August 3, 2010, but Congress failed to give it retroactive effect. See United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive to defendants who were sentenced before August 3, 2010, and gives the district court the discretion to reduce a defendant's sentence as if the Fair Sentencing Act was in effect at the time of the offense. In order to be eligible for a sentence reduction under the First Step Act, the offense of conviction must be a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." First Step Act § 404(a).

Here, Monroy was convicted of conspiracy to distribute methamphetamine, not crack cocaine. As a result, the offense of

conviction is not a "covered offense" under the First Step Act. See United States v. Gonzalez-Oseguera, No. 06-593, 2019 WL 1270916, at *1 (D. Haw. Mar. 19, 2019) (denying motion for relief under First Step Act because the defendant was sentenced to an offense involving methamphetamine, not crack cocaine).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for resentencing [ECF No. 956] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2019

s/David S. Doty  
David S. Doty, Judge  
United States District Court